IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:20-CV-201-DSC

| | |
|---|---|
| GAIL LEE WRIGHT ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM AND ORDER** |
| v. ) | |
| ) | |
| KILOLO KIJAKAZI, ) | |
| ACTING COMMISSIONER OF SOCIAL ) | |
| SECURITY ADMINISTRATION, ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Attorney's Fees Under the Equal Access to Justice Act ("EAJA"), 28 U.S.C.A. § 2412(d)," (document # 21) filed on June 21, 2021, and the parties' briefs and exhibits.

The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. 636(c) and this Motion is ripe for disposition.

Having considered the written arguments, the Court finds Defendant's position in reliance on 20 C.F.R. § 404.1504 was substantially justified. Accordingly, the Court will deny Plaintiff's Motion for Attorney's Fees.

**I. PROCEDURAL HISTORY**

On April 1, 2020, Plaintiff filed the original action, assigning error to the Administrative Law Judge's evaluation of a favorable decision by the Department of Veteran's Affairs ("VA") on her application for disability benefits. (Tr. 258). See Plaintiff's "Memorandum . . ." at 1, 20-21 (document # 13); "Plaintiff's Reply . . ." at 1-5 (document # 17). On January 4, 2021, Plaintiff filed her Motion for Summary Judgment and Supporting Memorandum of Law (document # 13).

1

On March 23, 2021, the Court granted Plaintiff's Motion for Summary Judgment. See "Memorandum and Order of Remand" (document # 18). Plaintiff then filed a Motion for Attorney's Fees under EAJA on June 21, 2021 (document # 21). The Commissioner filed an Opposition to Plaintiff's Motion on July 7, 2021 (document # 22-2), and Plaintiff filed a Reply Brief in Support of her Motion on July 19, 2021 (document # 24).

## II. STANDARD OF REVIEW

This Court's decision whether to grant EAJA fees is discretionary. Pierce v. Underwood, 487 U.S. 552, 559 (1988).

## III. DISCUSSION OF CLAIM

The EAJA provides for awarding attorney's fees where (1) the claimant is the "prevailing party" in a civil action brought by or against the United States; (2) an application for the fees, including an itemized justification for each amount requested, is filed within thirty days of final judgment in the original action; (3) the position of the Government is not "substantially justified;" and (4) no special circumstances make such an award unjust. 28 U.S.C. § 2412(d). Plaintiff prevailed on the legal argument that the Government erroneously relied on 20 C.F.R. § 404.1504. The determinative issue is whether the Government's position relying on 20 C.F.R. § 404.1504 was substantially justified.

The Government's position is "substantially justified" if there is a "genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action." Thomas v. Saul, 816 F. App'x 835, 837 (4th Cir. 2020) (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)). The Government has the burden, Id. (citing Meyer v. Colvin, 754 F.3d 251, 255 (4th Cir. 2014)), to show reasonableness in law and fact, Pierce, 487 U.S. at 566 n.2. A position is substantially justified if "a reasonable person could think it correct." Id.

2

Where caselaw is inconclusive, the Commissioner may be substantially justified in litigating an erroneous position that has previously been upheld by a district court. Thomas, 816 F. App'x at 839. In Thomas, the Government's position was based on caselaw from the Western District of North Carolina. Id. at 838. This holding does not foreclose a finding of substantial justification in litigating based on caselaw from another district court, and in fact supports it because of the presence of a "genuine dispute." Id. at 837.

In the case of misapplying regulations, lack of clarity in the existing caselaw may be evidence that the Government's position was reasonable. See Phillips v. Sullivan, 729 F. Supp. 1571, 1573 (W.D. Va. 1990). If the Government relies on a disability regulation that is later held invalid, its position can be substantially justified if the governing caselaw was split on the regulation's validity. Mattson v. Bowen, 824 F.2d 655, 656 (8th Cir. 1987). In Mattson, there was a circuit split concerning the validity of a disability regulation. Id. Mattson stands for this proposition:

> "For purposes of the EAJA, the more clearly established are the governing norms, and the more clearly they dictate a result in favor of the private litigant, the less "justified" it is for the Government to pursue or persist in litigation. Conversely, if the governing law is unclear or in flux, it is more likely that the Government's position will be substantially justified."

Id. at 657 (quoting Martinez v. Sec'y Health & Hum. Servs., 815 F.2d 1381, 1383 (10th Cir. 1987)). The court held the Government's reliance on the invalid regulation was substantially justified and affirmed the denial of attorney's fees. Id.

Here, there is no Fourth Circuit precedent discussing the interplay between 20 C.F.R. § 404.1504 and Bird v. Commissioner, 699 F.3d 337 (4th Cir. 2012).[1] Plaintiff cites Western District

---

[1] Woods v. Berryhill, 888 F.3d 686, 691-92 (4th Cir. 2018) was decided after the new regulation became effective and cites to it. However, since the original disability claim in Woods occurred before the new regulation was effective, the old regulation applied and put Woods in line with Bird.

3

and Eastern District decisions that have held 20 C.F.R. § 404.1504 invalid (document # 24). Rose v. Saul, No. 7:19-cv-91, 2020 WL 4740479 (E.D.N.C. Aug. 14, 2020); Lewis v. Saul, No. 7:20-cv-50-RJ, 2021 WL 2144327 (E.D.N.C. May 26, 2021); Van Cleave v. Saul, No. 1:20-cv-144-DSC, 2021 WL 2078004 (W.D.N.C. May 24, 2021); Wright v. Saul, No. 3:20-cv-201-DSC, 2021 WL 1124784 (W.D.N.C. Mar. 24, 2021).  The Commissioner cites District of South Carolina decisions that have upheld the regulation (document # 22-2). Johnson v. Saul, No. 6:19-1155-MGL-KFM, 2020 WL 6265092 (D.S.C. June 3, 2020); Pirolo v. Saul, No. 5:19-CV-2881-KDW, 2021 WL 389250 (D.S.C. Feb. 4, 2021); Hagan v. Saul, No. 9:19-2591-BHH, 2021 WL 870383 (D.S.C. Mar. 9, 2021).

The decisions cited by both parties were handed down after Plaintiff filed her original action on April 1, 2020.  At the time the Commissioner was considering Plaintiff's claim, it would have been impossible for the Commissioner to base a position on any of the cited cases.  As litigation proceeded, the District of South Carolina and Eastern District of North Carolina released their conflicting opinions in that order.  It was not until Plaintiff prevailed in the underlying case that the Western District of North Carolina weighed in on the issue.  The governing law was not clear.

Plaintiff suggests in her Reply Brief (document # 24) that the Commissioner's position would incentivize the Government to litigate any time there is a single district court opinion in support of its position.  It was not unreasonable for the Commissioner to cite another district court's decisions which upheld the regulation, and there are no Fourth Circuit decisions on point.  The Commissioner was substantially justified in relying on the regulation where there was a clear split in authority.

4

For those and the other reasons stated in the Government's Opposition and brief, the Court concludes that while Plaintiff was a prevailing party, the Government's position in this litigation was substantially justified within the meaning of the EAJA.

## IV. **ORDER**

**NOW THEREFORE IT IS ORDERED:**

1. Plaintiff's "Motion for Attorney's Fees" (document # 21) is **DENIED.**

2. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties.

**SO ORDERED.**

Signed: August 5, 2021

David S. Cayer
United States Magistrate Judge